THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHARLENE R. THOMPSON, As Surviving Spouse of THOMAS N. THOMPSON, DECEASED and as Executrix of the ESTATE OF THOMAS N. THOMPSON, | **JURY TRIAL DEMANDED** |
| Plaintiff, | CIVIL ACTION FILE NO.   2:22-CV-044-RWS |
| v | |
| WALMART, INC.,WALMART STORES EAST L.P., d/b/a WALMART SUPERCENTER, | |
| Defendants. | |

## COMPLAINT

COMES NOW CHARLENE R. THOMPSON, As Surviving Spouse of THOMAS N. THOMPSON, DECEASED, and Executrix of the ESTATE OF THOMAS N. THOMPSON, DECEASED, ("THOMPSON"), Plaintiff in the above-styled action, and files this Complaint for Damages against Defendants WALMART, INC., (WALMART) WALMART STORES EAST L.P., d/b/a WALMART SUPERCENTER ("WALMART LP") showing the Court as follows:

1.

This is an action for wrongful death, survival, and personal injury damages arising out of an incident that occurred on April 14, 2020, that resulted in the death of THOMAS N. THOMPSON.

2.

Defendants WALMART and/or WALMART LP were negligent in failing to implement a safe environment during its early opening for the elderly community, and as a result, Thomas N. Thompson tripped over a garden hose, ultimately leading to his death.

**PARTIES, JURISDICTION, and VENUE**

3.

Charlene Thompson is a citizen of Georgia.

4.

Charlene Thompson was married to Thomas Thompson and is the surviving spouse. She was appointed as Executrix of his Estate on February 24, 2022 in the Probate Court of Towns County, State of Georgia.

5.

WALMART STORES EAST L.P. is a foreign profit corporation, its principal office being 708 SW 8th Street, Bentonville, AR 72716 is registered and

doing business in the State of Georgia, is a joint tortfeasor, and is subject to the jurisdiction of this Court. WALMART STORES EAST L.P. transacts business in Union County, Georgia as Walmart Supercenter, with said business being at 2257 Hwy 515 W, Blairsville, GA 30512 in Union County, Georgia. Venue is proper as to this Defendant because the incident which forms the basis of this Complaint occurred there and it maintains a facility in Union County. Service may be perfected upon its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA, 30040, in Forsyth County, Georgia.

6.

Upon information and belief, at all times material hereto, Defendant WALMART STORES EAST L.P. owned, occupied, leased, and/or controlled the land which included the location more fully described as Walmart Supercenter, 2257 Hwy 515 W, Blairsville, GA 30512 in Union County, Georgia. (the "Property"). Accordingly, Defendants owed a duty of care to Plaintiff to keep the Property reasonably safe.

7.

Once served with process, Defendant Walmart LP will be subject to the jurisdiction and venue of this Court.

8.

The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9.

Defendant is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332, 28 USC § 1391(b), Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9-10- 91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40- 12-3 and other applicable law.

10.

Walmart Stores East LP is a proper party to this lawsuit.

11.

WALMART, INC. is a foreign profit corporation, its principal office being 708 SW 8th Street, Bentonville, AR 72716 is registered and doing business in the State of Georgia, is a joint tortfeasor, and is subject to the jurisdiction of this Court. Walmart, Inc. transacts business in Union County, Georgia as Walmart Supercenter, with said business being at 2257 Hwy 515 W, Blairsville, GA 30512 in Union County, Georgia. Venue is proper as to this Defendant because the incident which forms the basis of this Complaint occurred there and it maintains multiple office and facilities in Coffee County. Service may be perfected upon its

registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA, 30040, in Forsyth County, Georgia.

12.

Upon information and belief, at all times material hereto, Defendant WALMART, INC. owned, occupied, leased, and/or controlled the land which included the location more fully described as Walmart Supercenter, 2257 Hwy 515 W, Blairsville, GA 30512 in Union County, Georgia. (the "Property"). Accordingly, Defendants owed a duty of care to Plaintiff to keep the Property reasonably safe.

13.

Defendant WALMART, INC. is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332, 28 USC § 1391(b), Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9- 10- 91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40- 12-3 and other applicable law.

14.

WALMART, INC. is a proper party to this lawsuit.

## **FACTS**

15.

Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-14 above as if fully set forth herein.

16.

On April 14, 2020, Plaintiff went to the Walmart store with her husband, Thomas Thompson located at the Property during shopping hours designated specifically for the elderly.

17.

As Plaintiff and her husband were entering the store, Thomas tripped over a garden hose left out by a store employee. Thomas fell and hit his head on the hard floor causing serious and permanent damage, ultimately leading to his death on June 4, 2020.

18.

At all times material hereto, Plaintiff and her husband were on the Property for a lawful purpose and were therefore invitees of Defendants.

19.

Defendants owed Plaintiff a duty to exercise ordinary care to keep the premises safe.

20.

Defendants' duty to Plaintiff and Thomas Thompson was non-delegable.

21.

As a direct and proximate result of Defendants' negligence, Thomas Thompson suffered physical and mental injuries, ultimately leading to his death.

22.

At all times relevant to this incident, Thomas Thompson was exercising ordinary and reasonable care and was in no way comparably or contributorily negligent.

## **COUNT I – DEFENDANT WALMART'S AND WALMART LP'S NEGLIGENCE**

23.

Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-22 above as if fully set forth herein.

24.

Thomas Thompson's injuries and death were the direct result of the hazardous and/or defective condition posed by the surface of the area on the Property where he fell. Said hazardous and/or defective condition represented a danger to Property invitees which defendants, individually and/or by and through

their employees or agents, should have been or were aware and corrected or warned their invitees such as Plaintiff.

25.

Defendants had actual knowledge of the hazardous and/or defective condition.

26.

To the extent Defendants did not have actual knowledge of the dangerous and defective condition, they had constructive knowledge of the hazardous and/or defective condition.

27.

Thomas Thompson injuries were the direct result of Defendants' failure to have signs, warnings, or indications on the Property, Defendants' failure to properly inspect and maintain the premises to cure it of hazardous and/or defective conditions, and/or Defendants' failure to keep and maintain the Property according to applicable standards.

28.

Defendant breached its duty to exercise ordinary care to keep the premises safe by failing to properly inspect and maintain the premises to cure it of hazardous

and/or defective conditions and/or by failing to keep and maintain the premises according to applicable standards.

## COUNT II – DAMAGES

29.

Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-28 above as if fully set forth herein.

30.

Georgia law applies to this action and controls the damages and losses sustained in the collision described above.

31.

As a proximate result of the negligence of Defendant Walmart, Thomas Thompson suffered personal injuries that resulted in his untimely death.

32.

Pursuant to O.C.G.A. § 51-4-2 and O.C.G.A. § 19-7-1 and other Georgia law, Plaintiff Charlene Thompson has the right to recover compensatory damages for the wrongful death of Thomas Thompson, the measure of which under Georgia law is the full value of his life, both economic and intangible, as determined by the enlightened conscience of a fair and impartial jury.

33.

As a proximate result of the negligence of Defendant Walmart, Thomas Thompson endured pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, fear of the extent of his injuries, shock of impact, distress, and anxiety.

34.

As a proximate result of the negligence of Defendant Walmart, Thomas Thompson has incurred past medical expenses related to this incident.

35.

The Estate of Thomas Thompson is entitled to recover damages for the pre-death pain and suffering endured by Thomas Thompson as well as any medical, funeral, or incidental expenses and punitive damages pursuant to O.C.G.A. § 9-2-40 and other Georgia law.

36.

WHEREFORE, Plaintiff prays for relief as follows:

a) A trial by a jury on all issues in this case;
b) For Summons and Complaint to be issued against Defendant;
c) That service be had on Defendant as provided by law;
d) For judgment to be entered in favor of Plaintiff and against Defendant;

e) For such other and further relief as this Court shall deem just and appropriate.

f) For all such further and general relief this Court deems equitable and just.

Respectfully submitted this 7th day of March 2022

                        **FRIED GOLDBERG LLC**

By: _____
     Brad W. Thomas
     Georgia Bar No. 704680

3550 Lenox Road NE Suite 1500
Atlanta, Georgia 30326
Telephone:  (404) 591-1800
Facsimile:  (404) 591-1801
brad@friedgoldberg.com